IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELLEN EWING, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 20-3170 |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| | : | |
| Defendants. | : | |

ORDER

**AND NOW**, this _____ day of _____, 2020, upon consideration of Defendants City of Philadelphia, Kathryn Ott Lovell and Marissa Washington's Second Motion to Dismiss, and any response thereto, it is hereby **ORDERED** that the Motion is **GRANTED**. All claims against Defendants City of Philadelphia, Kathryn Ott Lovell and Marissa Washington are dismissed.

BY THE COURT:

_____
JOEL H. SLOMSKY, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELLEN EWING, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 20-3170 |
| CITY OF PHILADELPHIA, et al., | : | |
| Defendants. | : | |

# DEFENDANTS CITY OF PHILADELPHIA, KATHRYN OTT LOVELL AND MARISSA WASHINGTON'S SECOND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendants City of Philadelphia, Kathryn Ott Lovell and Marissa Washington file this second motion to dismiss for failure to state a claim under Fed. R. Civ. Pro. 12(b)(6), seeking that the claims against them be dismissed on the grounds more fully described in the supporting memorandum of law.

Respectfully Submitted,

CITY OF PHILADELPHIA
LAW DEPARTMENT

Date: November 2, 2020           BY:   s/ Christopher H. Rider
                                  Christopher H. Rider
                                  Divisional Deputy City Solicitor

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELLEN EWING, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 20-3170 |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| | : | |
| Defendants. | : | |

# DEFENDANTS CITY OF PHILADELPHIA, KATHRYN OTT LOVELL AND MARISSA WASHINGTON'S MEMORANDUM OF LAW IN SUPPORT OF THEIR SECOND MOTION TO DISMISS

Defendants City of Philadelphia, Kathryn Ott Lovell and Marissa Washington submit this memorandum of law in support of their second motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), and seek dismissal of Plaintiff's claims because: (1) Plaintiff has failed to allege an underlying constitutional violation; (2) Plaintiff has failed to provide specific factual allegations supporting her conclusory assertions that a policy or custom created by the City Defendants was the moving force behind any such constitutional violation. Therefore, Plaintiff's claims fail and this Court should dismiss them.

I.  **FACTUAL SUMMARY**[1]

The City of Philadelphia hired Michael Daniels as a lifeguard in 2000 and promoted him to a supervisory position in 2018. Am. Compl. ¶¶ 18-19 (ECF No. 6). Mr. Daniels pled guilty to criminal mischief and unauthorized use of automobiles in 2001, robbery in 2005, extortion, theft, impersonating a public servant, harassment, and terroristic threats in 2009, and indecent exposure in 2015. Id. ¶¶ 24-30.

The City of Philadelphia hired Plaintiff Ellen Ewing as a lifeguard in 2018. Id. ¶ 20. Mr. Daniels supervised Ms. Ewing. Id. ¶¶ 21, 51. During the summer of 2018, Mr. Daniels "cornered Plaintiff in the break room" of the pool and "would not let her leave," and "sexually assaulted"[2] Plaintiff on several occasions between July 16, and August 10, 2020. Id. ¶ 52.

Defendant Kathryn Ott Lovell has been the Commissioner of the Philadelphia Parks and Recreation Department (PPR) since 2016. Id. ¶ 32; Compl. ¶ 85 (ECF No. 1). Defendant Marissa Washington has been the Deputy Commissioner of Administration for PPR since 2008. Am. Compl. ¶ 37; Compl. ¶ 89 (ECF No. 1). According to Plaintiff, both Commissioner Ott Lovell and Deputy Commissioner Washington are responsible for various policies/customs allowing individuals with criminal histories to work at Philadelphia public pools. Am. Compl. ¶¶ 45-49.

---

[1] For the purposes of this Motion to Dismiss, Defendants accept the facts as pled by Plaintiff as true.

[2] Plaintiff does not detail how Mr. Daniels sexually assaulted her. See generally Am. Compl.

2

## II. STANDARD OF REVIEW

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  In deciding a motion to dismiss, a court must determine whether the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id.

"The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.  Further, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679.

3

III. ARGUMENT

### A. PLAINTIFF'S CLAIM AGAINST DEFENDANTS FAILS BECAUSE PLAINTIFF HAS FAILED TO PROVIDE FACTUAL ALLEGATIONS OF AN UNDERLYING CONSTITUTIONAL VIOLATION.

Plaintiff has alleged that the City of Philadelphia, Commissioner Kathryn Ott Lovell, and Deputy Commissioner Marissa Washington are liable for the actions of Mr. Daniels. Plaintiff fails, however, to allege that Mr. Daniels violated her constitutional rights, or provide sufficient factual allegations from which this Court could conclude such a violation occurred. Accordingly, Plaintiff's claims against the City Defendants fail, and this Court should dismiss them.

To plead a § 1983 claim against a municipality, a plaintiff must plausibly allege (1) a constitutional violation, and (2) the municipality's liability for that violation. Thomas v. City of Philadelphia, 779 Fed. Appx. 99, 101 (3d Cir. 2019). Individual policymakers may be held liable under the same standard. A.M. ex rel J.M.K. v. Luzerne County Juvenile Detention Center, 372 F.3d 572, 586 (3d Cir. 2004).

Here, Plaintiff does not allege that Mr. Daniels violated her constitutional rights, but instead alleges that he committed the state law torts of false imprisonment, assault, and battery. See Am. Compl. ¶¶ 63-83. Moreover, Plaintiff fails to provide factual allegations supporting the manner in which Mr. Daniels assaulted her. Defendants do not suggest that Plaintiff must provide graphic detail regarding her injuries in her Complaint, but merely that Plaintiff must provide sufficient detail from which this Court can conclude that a constitutional violation

4

occurred. Plaintiff's conclusory statements that Mr. Daniels "sexually assaulted" her do not meet this minimum standard for pleadings. Therefore, this Court should dismiss Plaintiff's claims against the City Defendants.

### B. PLAINTIFF'S CLAIM AGAINST DEFENDANTS FAILS BECAUSE PLAINTIFF HAS FAILED TO ALLEGE ANY FACTS SUPPORTING HIS CLAIM THAT THE CITY HAD A POLICY OR CUSTOM THAT WAS THE MOVING FORCE BEHIND A CONSTITUTIONAL VIOLATION.

Even if Plaintiff were to state a constitutional violation committed by Mr. Daniels, her municipal liability claims against the City Defendants would fail because she has failed to allege any specific facts supporting her claim that a municipal policy or custom was the moving force behind that constitutional violation. Accordingly, Plaintiff's claims against the City Defendants fail, and this Court should dismiss them.

Municipalities are generally immune from liability under 42 U.S.C. § 1983 except where the municipality's policy or custom was the moving force behind the constitutional violation. Watson v. Abington Twp., 478 F.3d 144, 155 (3d Cir. 2007). For the purposes of evaluating municipal liability, a policy exists "when a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict[,]'" while a custom exists when a plaintiff demonstrates that "a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." Watson, at 155 (quoting Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990)). In either case, "a plaintiff must show

that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." Id.

Plaintiffs cannot, however, simply rely on the "'phraseology' of an alleged policy or custom if the allegations are unaccompanied by supporting facts." Round v. City of Philadelphia, No. 19-3513, 2020 WL 2098089, at *9 (E.D.Pa. May 1, 2020). Plaintiffs can satisfy this burden by specifically identifying a "policy statement, ordinance, regulation, or decision officially adopted and promulgated by that [municipality's] officers[,]", or by specifically referencing multiple similar incidents that form a custom. Id. at *8.

Here, Plaintiff merely offers a *pro forma* recitation of municipal liability requirements without any specific factual support for those requirements, alleging only that Defendants had a policy or custom of not checking the criminal history of those seeking jobs, a policy or custom of allowing employees who committed sex offenses to remain in their positions despite their criminal records, a policy or custom of not performing thorough background checks, or a policy or custom of ignoring background checks. Am. Compl. ¶¶ 97-106. Plaintiff offers no factual support for her assertion that these policies or customs existed beyond the fact that Mr. Daniels had a criminal record and was able to work at Plaintiff's work site. One incident, without additional supporting evidence, does not a policy or custom make. Accordingly, Plaintiff's municipal liability claims against the City Defendants fail, and this Court should dismiss them.

IV. CONCLUSION

Defendants City of Philadelphia, Kathryn Ott Lovell and Marissa Washington respectfully requests that this Honorable Court grant this motion and dismiss Plaintiff's claims.

|  |  |
|---|---|
|  | Respectfully Submitted,<br><br>CITY OF PHILADELPHIA<br>LAW DEPARTMENT |
| Date: November 2, 2020 | BY:   s/ Christopher H. Rider<br>Christopher H. Rider<br>Divisional Deputy City Solicitor<br>Pa. Attorney ID No. 307265<br>City of Philadelphia Law Dept.<br>1515 Arch St., 16th Fl.<br>Philadelphia, PA 19102<br>(215) 683-5082<br>christopher.rider@phila.gov |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELLEN EWING, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 20-3170 |
| CITY OF PHILADELPHIA, et al., | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, the foregoing Motion to Dismiss and Memorandum of Law has been filed electronically and is available for viewing and downloading.

                                                                               Respectfully Submitted,

                                                                               CITY OF PHILADELPHIA
                                                                               LAW DEPARTMENT

Date: <u>November 2, 2020</u>                       BY: <u> s/ Christopher H. Rider </u>
                                                                               Christopher H. Rider
                                                                               Divisional Deputy City Solicitor